UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNADETTE HRISTAKOPOLOUS,
an individual,

      Plaintiff,

v.

NELNET SERVICING, LLC,
d/b/a FIRSTMARK SERVICES,
a foreign entity,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation

      Defendants.
_____/

Case No.: 3:21-cv-01025-BJD-MCR

**NELNET SERVICING, LLC'S OBJECTION TO REPORT AND RECOMMENDATATION DATED MAY 15, 2022 WITH RESPECT TO <u>DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT</u>**

      Defendant Nelnet Servicing, LLC, doing business as Firstmark Services, ("Nelnet"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), respectfully objects to Magistrate Judge Richardson's Report and Recommendation ("R&R") (ECF No. 47) recommending denial of Firstmark's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 29) ("Motion to Dismiss").

1

129762302.1

## I.     INTRODUCTION

In her Amended Complaint (ECF No. 21) Plaintiff sued three Defendants in six (6) separate counts for alleged violations of the United States Fair Credit Reporting Act ("FCRA") and the Florida Consumer Collection Practices Act ("FCCPA") with respect to certain student loans.

Nelnet is a servicer of student loans and, in that capacity, furnishes information to consumer reporting agencies.  The two other Defendants are consumer reporting agencies to which Nelnet is alleged to have furnished incorrect information.

Plaintiff's Amended Complaint concerns a debt - held by a nonparty ("Loan Science") - which was determined to be non-dischargeable by the United States Bankruptcy Court for the Middle District of Florida ("Bankruptcy Court"). However, the amount of that debt due Loan Science is undetermined because the judgment upon which it was based, attached to the Amended Complaint as Exhibit "A" ("Bankruptcy Judgment"), is ambiguous.

Page 1 of the Bankruptcy Judgment shows on its face that the debt due Loan Science was $129,634.51 as of April 15, 2011 and that the Plaintiff had made no payments on that debt.

Page 2 of the Bankruptcy Judgment contains a graduated payment schedule. The total principal amount of the payments on the schedule total $100,274.44 (far

less than the $129,634.51 shown on page 1). The largest payment due in the schedule ($66,674.44) accrues interest for at least 10 years.

In her Amended Complaint, Plaintiff ignores page 1 of the Bankruptcy Judgment and, without any factual support, alleges in paragraph 35, the most Plaintiff would have to pay on the Bankruptcy Judgment is $100,274.44.

As explained below, Nelnet moved to dismiss the Amended Complaint because it failed to address this obvious ambiguity and also failed to add, as a defendant, the owner of the debt addressed in the Bankruptcy Judgment because the owner is a necessary party to this case and complete relief cannot be rendered in its absence.

## II.   NELNET'S MOTION TO DISMISS

Nelnet moved to dismiss the Amended Complaint on three grounds which are germane to this Objection.

First, Nelnet asserted that Plaintiff's claims against Nelnet rest on the ambiguous underlying Bankruptcy Judgment entered against her and in favor of the holder of the debt Loan Science. Critically, Nelnet is not a party to the Bankruptcy Judgment – it merely services the debt owed to Loan Science. Thus, Nelnet asserted that in order to resolve the ambiguity and determine the ultimate meaning of the underlying Bankruptcy Judgment, which is at the center of this case, the judgment holder Loan Science (*i.e.* Plaintiff's creditor) must be joined as a party under Fed.

3

R. Civ. P. 19. In the absence of the Bankruptcy Judgment holder, this Court cannot grant complete relief in this case. Yet, Plaintiff has failed to name the Bankruptcy Judgment holder as a defendant even though it is a necessary party to this action under Fed. R. Civ. P. 19.

Thus, Nelnet requested the Amended Complaint be dismissed. Alternatively, Nelnet requested that the Court order Plaintiff to add Loan Science as a defendant: "the judgment holder (*i.e.* Plaintiff's creditor) must be joined as a necessary party under Fed. R. Civ. P. 19" (Motion to Dismiss at 3); "In order to resolve this ambiguity [over the amount due under the Bankruptcy Judgment], Loan Science must be made a party because it is the owner of the debt addressed in the Bankruptcy Judgment and the amount of its debt cannot be resolved without its participation in this case." (Motion to Dismiss at 6); and "Here, adding Loan Science is required … ." (Motion to Dismiss at 7). The R&R recognizes Nelnet requested, as alternative relief, that Plaintiff be required to add Loan Science as a defendant (R&R at 4) but, as explained below, the R&R failed to analyze whether Plaintiff should be required to join Loan Science even though the case law cited in the R&R shows such an analysis should be performed and joinder ordered.

Second, Nelnet asserted that Plaintiff had not met her pleading obligations to support her assertion as to the amount she claims to owe on the underlying, ambiguous, Bankruptcy Judgment.

4

129762302.1

Third, Nelnet asserted the allegations of the Amended Complaint are contradicted by its exhibits. Paragraph 35 of the Amended Complaint claims that Plaintiff is required to pay no more than $100,274.44 in principal payments on the Bankruptcy Judgment. Yet, page one of the underlying Bankruptcy Judgment, attached to the Amended Complaint as Exhibit A, shows the amount held to be non-dischargeable in Plaintiff's bankruptcy is $129,634.51.

The R&R recommends the Court deny Nelnet's Motion to Dismiss.

### III.   STANDARD OF REVIEW

When a party objects to a Magistrate Judge's proposed findings and recommendations, the District Court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The District Court "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." *Id.*

### IV.   ARGUMENT

**A.   The R&R Erroneously Concludes that Dismissal Is Required Because Loan Science Could Be Added To Case Without Requiring It Be Added As A Defendant**

**1.   As A Matter Of Law, Plaintiff Is Required to Add Loan Science As A Defendant**

The R&R begins its analysis applying the recognized principle that dismissal is inappropriate under Rule 12(b)(7) because a complaint can only be dismissed

5

under that Rule if the allegedly indispensable party cannot be joined. R&R at 9 and 13, citing *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263 (11th Cir. 2003); *Rook v. First Liberty Ins. Corp.,* No. 3:22-cv-1979-TKW-HTC, 2022 WL 794983 (N.D. Fla. Mar. 15, 2022) and *Davis v. Raymond,* No. 12-22578-CIV, 2013 WL 2047424 (S.D. Fla. May 14, 2013).

Without any further analysis, however, the R&R then concludes that since Loan Science may be joined as a party that the Amended Complaint cannot be dismissed.

Critically, however, the R&R fails to follow the same cases it relies upon and require Plaintiff to add Loan Science as a defendant. Indeed, in each of those cases, the court specifically analyzed whether the plaintiff should be ordered to join the alleged indispensable party.

In *Rook,* the court declined to dismiss the complaint because the party at issue could be joined. However, in order to provide for complete relief among the parties, the court took the next step and ordered the non-party at issue to be joined. Indeed, it stated that "dismissal will be warranted" if the plaintiff failed to join the required non-party. *Rook,* 2022 WL 794983 at *2.

Similarly, in *Focus on the Family,* the Eleventh Circuit, citing Rule 19, held on remand of that case that the allegedly indispensable party was to be added as a defendant: "Instead [of dismissal], on remand [Plaintiff] need only join Eller as a

party defendant in this action.  *See* Fed.R.Civ.P. 19(a) ('If the [party to be joined if feasible] has not been … joined, the court shall order that the person be made a party.')."  *Focus on the Family,* 344 F.3d at 1280.

Likewise, in *Davis,* the court analyzed whether it should require the plaintiff to add the necessary party:  "The Court will therefore now proceed to determine whether Hodge is a necessary party whose joinder is required."  *Davis,* 2013 WL 2047424 at *4.  While the court did not require joinder because it found the party at issue was not a necessary party, this case supports Nelnet's position (as articulated by *Rook* and *Focus on the* Family) that the Court should require Plaintiff to add Loan Science as a Defendant in this case.

The R&R failed to conduct this analysis and simply recommend dismissal because Loan Science is susceptible to being added as a party.  In doing so, the R&R failed to consider this aspect of the Motion to Dismiss and these cited cases.  Thus, following these authorities, the Court should direct Plaintiff to add Loan Science as a defendant.[1]

---

[1] Without question, Plaintiff could have added Loan Science as a party.  The Motion to Dismiss demonstrates that both entities that are encompassed by Plaintiff in its use of the term "Loan Science" in Amended Complaint are registered to do business in Florida and have appointed agents for serve of process in Florida.  Motion to Dismiss at 7.  Moreover, this is a federal question case so there is no impediment to this Court's jurisdiction even if Loan Science's citizenship is not diverse.

### 2. Joining Loan Science Is Required Because Complete Relief Cannot Be Accorded The Parties Without Its Presence

The Motion to Dismiss demonstrated that joinder of Loan Science is required under both Rule 19(a)(1)(A) and (B) because, in Loan Science's absence, this Court cannot accord complete relief among the existing parties and the current Defendants face inconsistent obligations based upon the ambiguity as to the amount due Loan Science in the Bankruptcy Judgment.

Nelnet merely services the debt owned by Loan Science. Until the amount of the debt due Loan Science is determined, the Defendants are impermissibly placed in the position of competing claims: Plaintiff contends the greatest amount of principal payments due on the judgment is $100,274.44, while Loan Science contends the debt to be at least the $129,634.51 figure.[2]

Thus, the amount due non-party Loan Science is in dispute and Nelnet, like the innocent stakeholder in an interpleader action, cannot be made, *at Nelnet's peril,* to decide whether Plaintiff or Loan Science is correct. That is because any determination of the amount of the debt would not be binding against Loan Science as a non-party, but it would still clearly, "as a practical matter[,] impair or impede [Loan Science's] ability to protect" its interest in the debt described in the Bankruptcy Judgment. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Furthermore, because

---

[2] Nelnet has received confirmation from both Loan Science and its counsel in the Bankruptcy Court adversary proceeding that Loan Science claims the debt to be based upon the $129,634.51 figure recited in the Bankruptcy Judgment.

Loan Science could continue to claim that the Bankruptcy Judgment declared the entire $129,634.51 balance to be nondischargeable, Nelnet would be exposed to inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). For the same reason—that is, because a determination in Loan Science's absence would not resolve the ultimate dispute about the amount of Plaintiff's debt—it would fail to accord complete relief among the parties. *See* Fed. R. Civ. P. 19(a)(1)(A).

The Motion to Dismiss cited cases showing that joinder of Loan Science was compelled to allow the Court to completely resolve the issues related to the Bankruptcy Judgment. Motion to Dismiss at 9-10. The R&R incorrectly failed to follow the cases because it determined they "do not compel the conclusion that dismissal of the Amended Complaint is warranted here." R&R at 15. Here the R&R misapprehends the significance of these cases which stand for the proposition that joining Loan Science was required under Rule 19 for the reasons set forth in IV, A, 1 above.

        **3.    The R&R Wrongly Concludes That The Debt Due Loan Science Can Be Adjudicated In Its Absence**

The R&R recognizes that "[i]t seems undisputed that one way to determine the exact amount of the debt is to bring Loan Science into this action." R&R at 18.

However, the R&R then opines that "it does not appear that the amount of the alleged debt can only be determined if Loan Science is made a party to this case."

9

R&R at 18-19 and notes "[the precise amount of the debt] seems to be a factual issue that can be resolved after the close of discovery." R&R at 15.

The R&R misapprehends the significance of Loan Science's absence: it will not be bound by any determination of the amount due. Thus, Nelnet would continue to be impermissibly placed in the position of determining - and reporting to credit reporting agencies – the amount of the debt Plaintiff owes non-party Loan Science. In order to be bound by a judgment of this Court, Loan Science must be a party litigant in this case. As the Supreme Court has clearly, and repeatedly, announced "[I]t is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell,* 553 U.S. 880, 884; 128 S.Ct 2161, 2166, 171 L.Ed.2d 155 (2008) (stating and applying general rule and identifying six exceptions, none of which are applicable to the facts of this case). *See also Carran v. Morgan,* Case No.: 06-80608-CIV-MARRA/JOHNSON, 2008 WL 11406137 *4 (S.D. Fla. January 24, 2008) declining to extend expired *lis pendens* to non-parties: "in the cases reviewed, all parties that could have been affected by the extending of the *lis pendens* were before the court. … Plaintiff also presents no argument on her right to bind a non party without allowing due process to appear and defend as the effect of the *Lis Pendens.*"

*Id.* Plainly, Loan Science will not be bound by any decisions of this Court unless it is made a party.

Moreover, it does not appear possible to determine the amount due "after the close of discovery" as the R&R and suggests. R&R at 15.

### 4. The R&R Wrongly Suggests Nelnet Should Bring Loan Science Into This Case

The R&R seems to support its refusal to require Plaintiff to add Loan Science by observing Nelnet could do so. R&R at 18. However, Plaintiff, and not Nelnet, is required to add Loan Science. *See, Rooks, Focus on the Family* and *Davis,* all, *supra.* Simply put, Plaintiff brings this claim on an ambiguous Bankruptcy Judgement to which Nelnet was not a party. Plaintiff, not Nelnet, is required to join all necessary parties to ensure complete relief is accorded to them. Fed. R. Civ. P. 19.

### B. The R&R Erroneously Recommends Denial Of The Motion To Dismiss Where The Amended Complaint Fails To Allege Any Fact Supporting Its Bare Conclusion As To The Amount Due Under The Bankruptcy Judgment

The Motion to Dismiss demonstrates the ambiguity as to the amount due under the Bankruptcy Judgment. While the Amended Complaint admits that page one of the Bankruptcy Judgment states "the outstanding balance owed to [Loan Science] was $129,634.51", paragraph 35 of the Amended Complaint asserts the maximum

amount Plaintiff is required to pay in principal, on the Bankruptcy Judgment is $100,274.44. However, the Amended Complaint fails to allege one fact that supports this bare legal conclusion.

In ruling on a 12(b)(6) motion, since the United States Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) it is clear that federal courts will not accept a pleading that offers "labels and conclusions." *Iqbal*, 556 U.S. at 678 *quoting Twombly* 550 U.S. at 555.

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, the court will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.* 605 F.3d 1283, 1290 (11th Cir. 2010). Then, "where there are well-pleaded factual allegations," the court will ""assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."" *Id*., quoting *Iqbal*, 556 U.S. at 679.

When reviewing a motion under rule 12(b)(6) the court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.,* 304 F.3d 1076, 1084 (11th Cir. 2002). "However, this tenant does not apply to legal conclusions and courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Flournoy v. Fla. Dep't. of Corr.*,

No. 19-cv-23223, 2019 WL 7293359, at * 2 (S.D. Fla. December 30, 2019). Indeed, as noted by the Eleventh Circuit, when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Am. Dental*, 605 F.3d at 1289 *citing Iqbal*, 556 U.S. at 570. As a result, courts properly dismiss complaints where the allegations "are not the requisite 'pointed recitation of specific facts that fit together as a matter of historical occurrence and logic to establish the elements on which [relief is sought]', as required by *Twombly* and *Iqbal*." *In re Jundt*, Bankr. No. 11-10177, 2014 WL 2742868 at *6 (Bankr. D. S.D. June 17, 2014).

The R&R failed to apply the *Iqbal* and *Twombly* standards. It merely held that Plaintiff has contended the lower amount recited in the Bankruptcy Judgment to be due (R&R at 17) and then notes that amount is not inconsistent with page two (but not page one) of the Bankruptcy Judgment (R&R at 19).

While Nelnet agrees that the Court is obligated to make reasonable inference in Plaintiff's favor on a motion to dismiss, that obligation goes away if the allegations are not supported by facts. *Cisneros v. Petland, Inc.,* 972 F.3d 1204, 1212 (11th Cir. 2020 (in order to allege a plausible claim, plaintiff was required to "allege concrete facts giving rise to the inference . . . [A]nd she has not done so, except in the most sweeping, general, and conclusory fashion."). Similarly, "[I]f allegations are indeed more conclusory than factual, then the court does not have to

assume their truth." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012).

Thus, the R&R does not meet the plausibility analysis required by *Iqbal* and *Twombly* because the Amended Complaint for two reasons.  First, it fails to allege *any fact whatsoever* to support the bare conclusion that Plaintiff only owes the lower amount found on page two of the Bankruptcy Judgment.  Second, Plaintiff arrives as the lower figure stated in the Bankruptcy Judgment by adding up the principal payments.  It completely fails to note that the largest payment accrues interest.  Thus, Plaintiff's allegation in paragraph 35 of the Amended Complaint that the "most" Plaintiff would have to pay on the Bankruptcy Judgment is $100,274.44 cannot be plausible because, at a minimum, it omits consideration of the accruing interest.

  **C.** **The R&R Erroneously Recommends Denial Of The Motion To Dismiss Where The Amended Complaint's Exhibits Are Inconsistent With The Amended Complaint's Allegations As To The Amount Due Under The Bankruptcy Judgment**

The R&R also erroneously concluded the Amended Complaint's exhibits were inconsistent with its allegations as to the amounts due.  R&R at 19.

For the sake of brevity, Nelnet incorporates its argument in IV, C above concerning the ambiguity between pages 1 and 2 of the Bankruptcy Judgment. Plaintiff simply, and improperly, ignores page 1 and hopes the Court will do so as well.

## V. CONCLUSION

For the foregoing reasons, Nelnet respectfully objects to Judge Richardson's Report and Recommendation. Nelnet's Motion to Dismiss should be granted for the reasons addressed in this Objection or Plaintiff should be directed to file a Second Amended Complaint naming Loan Science as a Defendant.

/s/*Daniel C. Johnson*
Daniel C. Johnson
Florida Bar No. 522880
CARLTON FIELDS P.A.
200 S. Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: djohnson@carltonfields.com
*Attorneys for Defendant Nelnet Servicing, LLC*

129762302.1